No. 44,181

Edward Charles McCarty, *Appellee*, v. Great Bend Board of Education and/or Great Bend Recreation Commission, and United States Fidelity and Guaranty Company, *Appellants*.

(403 P. 2d 956)

Opinion filed July 10, 1965.

*Warren H. Kopke*, of Great Bend, argued the cause, and *Larry L. Kopke*, of Great Bend, was with him on the brief for the appellants.

*John F. Hayes*, of Hutchinson, argued the cause, and *Robert J. Gilliland* and *Victor D. Goering*, of Hutchinson, were with him on the brief for the appellee.

The opinion of the court was delivered by

Fontron, J.: This is a workmen's compensation case in which an award was entered in favor of the appellee, Edward Charles McCarty, hereafter referred to as claimant. The employer, Great Bend Board of Education and/or Great Bend Recreation Commission, herein called the commission, and its insurance carrier, have appealed from the judgment and will be designated collectively in this opinion as respondents.

The principal contention made by the respondents in this appeal is that the claimant was an independent contractor at the time of his injury and, hence, was not covered under the Workmen's Compensation Act.

The workmen's compensation examiner, before whom the claim was originally heard, rejected the respondents' contention and specifically found that claimant was not an independent contractor on the date of his injury, but that he was in the employ of the commission. On appeal, the district court adopted the findings of the examiner as its own. Accordingly, under long recognized and well defined rules of appellate practice, our consideration of the question is restricted to determining whether the record contains substantial competent evidence to sustain the findings adopted by

the trial court. (*McDonald v. Rader,* 177 Kan. 249, 277 P. 2d 652; *Kafka v. Edwards,* 182 Kan. 568, 322 P. 2d 785; *Rakes v. Wright Cooperative Exchange,* 185 Kan. 794, 347 P. 2d 389.)

The evidence is not seriously in dispute and may be summarized briefly. The claimant, an elderly gentleman of some 72 years, is a plasterer by trade. On June 23, 1963, either the director or the secretary of the recreation commission called the claimant about patching some plaster in the building occupied and used by the commission. Claimant agreed to do the work but said that, although he would use his own hand tools, the commission would have to furnish the scaffold, the mortar box and the helpers. This was agreeable and claimant appeared for work the next morning, at which time the scaffold was not built, nor were the helpers there. The claimant then went home but returned later after receiving a call that everything was ready. At this time, Carl Soden, the director of the commission, showed claimant the work to be done upstairs and said he had some more in the downstair's hallway. Claimant thereupon began work, using the scaffold which had been put up and being assisted by two commission employees who mixed the mortar and carried it to the scaffold for claimant's use. Soon after commencing work, the claimant fell from the scaffold and sustained severe injuries, the extent of which is not material to this appeal.

This court, on frequent occasions, has discussed the conditions under which an independent contractor relationship is created, and any extended dissertation on the subject at this time would be but a superfluous display of legal erudition. The last case in which we were called upon to define the term and to distinguish the status of an independent contractor from that of an employee was *Jones v. City of Dodge City,* 194 Kan. 777, 402 P. 2d 108, in which several of our prior decisions were reviewed and their rationale approved.

In general, it may be said that an independent contractor is one who, in the exercise of an independent employment, contracts to do a piece of work according to his own methods and who is subject to his employer's control only as to the end product or final result of his work. (*Krug v. Sutton,* 189 Kan. 96, 366 P. 2d 798.) On the other hand, an employer's right to direct and control the method and manner of doing the work is the most significant aspect of the employer-employee relationship, although it is not the only factor entitled to consideration. An employer's right to discharge the

workman, payment by the hour rather than by the job, and the furnishing of equipment by the employer are also indicia of a master-servant relation. (*Jones v. City of Dodge City,* supra.)

It is our opinion that, when measured by the foregoing standards, the recorded evidence sufficiently supports the findings adopted by the trial court. The record discloses, in addition to the facts already related, that claimant was being paid on an hourly basis; that Soden had the right to discharge claimant if the latter's work was unsatisfactory; and that Soden could have told claimant how he wanted the work done and claimant would have followed his directions. These are all circumstances indicating that claimant was an employee of the recreation commission.

The respondents suggest that claimant's employment was not covered by the act because the work being performed was not in pursuance of the commission's principal business. This suggestion, we believe, is without merit. An employer may not come within the provisions of the act as to some of its employees and not as to others. (*Schroeder v. American Nat'l Bank,* 154 Kan. 721, 121 P. 2d 186.) Furthermore, we cannot say that the repair and maintenance of a building occupied and used by the commission is unrelated to its business of furnishing recreational facilities for the people of Great Bend.

Similar questions were considered by this court in *Raynes v. Riss & Co.,* 152 Kan. 383, 103 P. 2d 818. In that case, injury was sustained by a workman employed in remodeling a building to be used by his employer in operating a trucking business, and it was there held that such employment was incidental to the employer's business. Other cases to like effect are cited in both the Schroeder and Raynes cases.

We have no disagreement with the cases cited by the respondents, but we believe they are not decisive of the issue presented here.

The judgment of the lower court is affirmed.