254 So.2d 411 (1971)
JEAN M. LIGHT INTERVIEWING SERVICES, INC., Petitioner,
v.
STATE of Florida, Department of Commerce, Division of Labor, Bureau of Unemployment Compensation, Respondent.
No. 71-293.
District Court of Appeal of Florida, Third District.
November 9, 1971.
*412 Gerald A. Lewis, Miami, for petitioner.
Patrick H. Mears, Tallahassee, and James R. Parks, Miami, for respondent.
Before SWANN, C.J., and CHARLES CARROLL and HENDRY, JJ.
SWANN, Chief Judge.
Petitioner is Jean M. Light Interviewing Services, Inc. and the respondent in this petition for writ of certiorari is the Florida Department of Commerce, Division of Labor, Bureau of Unemployment Compensation.
Petitioner seeks review and quashal of a decision and order which held it liable to the State of Florida for unemployment compensation contributions on monies paid to its interviewers, pursuant to Chapter 443, Fla. Stat., F.S.A. The order, in essence, determined that the interviewers were employees of Light and it maintains that the interviewers were independent contractors. The fact situation generally is that Light does market research interviewing for various clients including advertising and marketing firms.
After Light undertakes a project for a client, it recruits interviewers for the specific job. Each job is different. One job might involve interviewing people to see if they like a certain soft drink; another may involve interviewing people to determine how often they travel by air. The interviewers are utilized on a per job basis and are paid only after each job is completed and determined to be valid.
An interviewer can refuse a job if she wishes; she does not have to accept a job in order to obtain future work from Light. The interviewer is always free to work for other interviewing firms or have other employment, even while doing a job for Light. The interviewer has the right to and has had other interviewers perform a job which she is doing for Light.
Prior to each job, the interviewers meet at a briefing session. Light simply describes what its client wants accomplished in a specific job. The client, not Light, decides what questions shall be asked, what samples, if any, are to be used, and whether the survey shall be by telephone or door-to-door, etc. Light gives its interviewers a description of the work to be done; it does not prescribe how the interviewers shall actually do the job. The interviewers are free to obtain the clients' results, when and how the interviewers wish. No one tells an interviewer how to personally interview a person. No one accompanies an interviewer to supervise her performance.
The interviewer has to provide her own telephone, space and automobile. The client will pay for the interviewer's mileage and long distance telephone calls. The interviewer is paid by the hour.
Usually, at the conclusion of a job, the interviewer hands the work in to Light and Light in turn submits the work to its client. The client independently validates the information received to determine if the interview was conducted correctly. If the client determines that the interview is invalid, then the client refuses to pay Light, and Light will not pay the interviewer until the interview has been done correctly and on the interviewer's own time, without charge to the client or to Light. An interviewer can terminate her job with Light at any time, but in that case she does not get paid for the time she worked.
The facts that distinguish an employee from an independent contractor were discussed in Collins v. Federated Mutual Imp. & Hdwe. Ins. Co., Fla.App. 1971, 247 So.2d 461. *413 We will not reiterate what was said therein. Here, the interviewers were free to obtain the results which the client sought and the results could be obtained at such time and in such manner, or fashion, as the interviewers might desire. See In re Contributions Liability of Bower, 2 Ohio Misc. 35, 206 N.E.2d 595 (1964).
It is true that the interviewers were given certain general instructions but it appears they were not subject to the control of the petitioner other than as to results. The interviewers could perform the interviews at their homes or other places at such times as they might determine. There was no continuity in the relationship between Light and the interviewers. The interviewers had the right to refuse to accept a relationship, or an assignment from Light as they desired. On the other hand, once an interviewer had completed an assignment, there was no requirement that Light had to offer them a further relationship or assignment.
Light and her clients were interested, essentially and primarily, in the results obtained by the interviewers and they were not interested or concerned particularly as to the direction or control of these interviewers. See Farmers & Merchants Bank v. Vocelle, Fla.App. 1958, 106 So.2d 92. Under the authority of Collins, supra, we hold that there was not sufficient, substantial and competent evidence to indicate that Light controlled the interviewers as well as the performance of their work in such a manner as to prove that there was an employer-employee relationship.
For these reasons the petition for writ of certiorari is granted and the order from which certiorari is sought is quashed.