75 F.3d 1509
 131 Lab.Cas. P 33,334, 3 Wage & Hour Cas.2d
(BNA) 171
 Samuel E. HERR, an individual,
Plaintiff-Counter-Defendant-Appellee and Counter-Appellant,
v.
James L. HEIMAN, an individual, Defendant,
and
McCormick Grain--the Heiman Company, Inc., a Kansas
corporation, Defendant-Counter-Claimant-Appellant
and Counter-Appellee.
 Nos. 94-3411, 94-3421.
 United States Court of Appeals,
Tenth Circuit.
 Feb. 9, 1996.
 
 On appeal from the United States District Court for the District of Kansas (D.C. No. 92-1321-PFK).
 Robert D. Overman of Martin, Churchill, Overman, Hill & Cole, Chartered, Wichita, Kansas, for Plaintiff-Appellee and Counter-Appellant.
 H. Douglas Pfalzgraf (Edward L. Keeley of Rupe & Girard Law Offices, P.A., Wichita, Kansas, with him on the briefs) of Pfalzgraf Law Offices, Wellington, Kansas, for Defendants-Appellants and Counter-Appellees.
 Before MOORE, BRORBY and KELLY, Circuit Judges.
 BRORBY, Circuit Judge.
 
 
 1
 Samuel E. Herr brought suit against McCormick Grain--The Heiman Company, Inc. (hereinafter "McCormick") and James L. Heiman for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq., the Kansas Wage Payment Act, K.S.A. 44-313 et seq., and sought cancelation of three promissory notes upon which McCormick later counterclaimed. The district court granted Mr. Herr judgment pursuant to Fed.R.Civ.P. 50 on his non-wilful Kansas Wage Payment Act claims, the defined benefit portion of his Employee Retirement Income Security Act claims, and for certain attorney's fees and expenses. The district court also granted Mr. Herr summary judgment on the issue that he was an employee of McCormick and not an independent contractor. The district court granted McCormick summary judgment on Mr. Herr's claim for pension benefits under McCormick's money purchase pension plan, granted Mr. Heiman's motion for summary judgment to be dismissed from the lawsuit, and granted McCormick's Rule 50 motions holding that Mr. Herr was an administrative employee and that McCormick's violations of the Kansas Wage Payment Act were not wilful. Both parties appeal. We exercise jurisdiction pursuant to 28 U.S.C. § 1291.
 
 
 2
 McCormick appeals on four grounds, claiming the trial court: 1) erred in finding Mr. Herr was an employee rather than an independent contractor at the summary judgment stage of the proceeding; 2) erred in finding it had subject matter jurisdiction over Mr. Herr's Employee Retirement Income Security Act claims in light of 29 U.S.C. § 1132(e); 3) erred in entering Fed.R.Civ.P. 50 judgments for plaintiff on his non-wilful Kansas Wage Payment Act claims and against McCormick on its promissory note counterclaims; and 4) abused its discretion in awarding Mr. Herr attorney's fees and expenses as to his Employment Retirement Income Security Act claim.
 
 
 3
 Mr. Herr cross-appeals on four issues, claiming the trial court: 1) erred in finding Mr. Herr was, pursuant to the Employment Retirement Income Security Act, not entitled to benefits under the money purchase plan; 2) erred in finding Mr. Herr an exempt employee under the Fair Labor Standards Act and not entitled to minimum wage, overtime compensation and attorney's fees and costs; 3) erred in finding Mr. Heiman has no personal liability for violations of the Fair Labor Standards Act; and 4) erred in finding McCormick's violations of the Kansas Wage Payment Act were not wilful.
 
 
 4
 Mr. Herr worked as a grain merchandiser with McCormick from 1979 through 1991. As a grain merchandiser he would arrange to buy, sell and ship grain to customers. All of this was done from a room at McCormick's offices where the grain merchandisers sat with their desks in a rectangular formation. When one merchandiser found a customer who wanted to buy or sell grain he would announce it to the room and another merchandiser would try to find another buyer or seller to complete the transaction. Mr. Herr was paid an eighteen percent, later raised to twenty percent, commission as compensation. Mr. Herr never received any pension, employment or vacation benefits from McCormick. He filed suit to be compensated for the benefits he feels he was denied due to McCormick's wrongfully classifying him as an independent contractor rather than as an employee.
 
 
 5
 * First, McCormick alleges the trial court erred in its finding that Mr. Herr was an employee rather than an independent contractor at the summary judgment stage of the proceeding. We review a grant of summary judgment de novo. Coosewoon v. Meridian Oil Co., 25 F.3d 920, 929 (10th Cir.1994). "Summary judgment is appropriate when there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." Russillo v. Scarborough, 935 F.2d 1167, 1170 (10th Cir.1991). We must review the record in the light most favorable to the non-moving party. Meredith v. Beech Aircraft Corp., 18 F.3d 890, 893 (10th Cir.1994).
 
 
 6
 Because Mr. Herr brought charges under three separate statutes it is necessary to determine whether he qualifies as an employee or an independent contractor under each one.
 
 
 7
 In Dole v. Snell, 875 F.2d 802 (10th Cir.1989), we identified the five factors courts generally use to determine whether a person is an employee or an independent contractor under the Fair Labor Standards Act as: 1) the degree of control exerted by the alleged employer over the worker; 2) the worker's opportunity for profit or loss; 3) the worker's investment in the business; 4) the permanence of the working relationship; and 5) the degree of skill required to perform the work. Id. at 805. In Dole, we also noted "the extent to which the work is an integral part of the alleged employer's business" is another factor to consider. Id. None of the factors alone is dispositive but rather we employ a totality-of-the-circumstances approach. Rutherford Food Corp. v. McComb, 331 U.S. 722, 730, 67 S.Ct. 1473, 1476-77, 91 L.Ed. 1772 (1947).
 
 
 8
 The Kansas Wage Employment Act defines an employee as "any person allowed or permitted to work by an employer." K.S.A. § 44-313(b). The Kansas Supreme Court has recognized "[t]here [is] no absolute rule for determining whether an individual is an independent contractor or an employee. It is the facts and circumstances in each case that determine [the status of the individual]." Wallis v. Secretary of Kan. Dept. of Human Resources, 236 Kan. 97, 689 P.2d 787, 792 (1984). In Crawford v. Department of Human Resources, 17 Kan.App.2d 707, 845 P.2d 703 (1989), the court listed twenty factors used by the state Department of Human Resources to determine whether an employee-employer relationship exists. These factors include:
 
 
 9
 1) the existence of the right of the employer to require compliance with instructions;
 
 
 10
 2) the extent of any training provided by the employer;
 
 
 11
 3) the degree of integration of the worker's services into the business of the employer;
 
 
 12
 4) the requirement that the services be provided personally by the worker;
 
 
 13
 5) the existence of hiring, supervision, and paying of assistants by the workers;
 
 
 14
 6) the existence of a continuing relationship between the worker and the employer;
 
 
 15
 7) the degree of establishment of set work hours;
 
 
 16
 8) the requirement of full-time work;
 
 
 17
 9) the degree of performance of work on the employer's premises;
 
 
 18
 10) the degree to which the employer sets the order and sequence of work;
 
 
 19
 11) the necessity of oral or written reports;
 
 
 20
 12) whether payment is by the hour, day or job;
 
 
 21
 13) the extent to which the employer pays business or travel expenses of the worker;
 
 
 22
 14) the degree to which the employer furnishes tools, equipment, and material;
 
 
 23
 15) the incurrence of significant investment by the worker;
 
 
 24
 16) the ability of the worker to incur a profit or loss;
 
 
 25
 17) whether the worker can work for more than one firm at a time;
 
 
 26
 18) whether the services of the worker are made available to the general public;
 
 
 27
 19) whether the employer has the right to discharge the worker; and
 
 
 28
 20) whether the employer has the right to terminate the worker.
 
 
 29
 Id. 845 P.2d at 706. The above factors are to be considered as a whole with a particular emphasis placed on the employer's right to control the worker. Id.
 
 
 30
 The Employee Retirement Income Security Act defines an employee as "any individual employed by an employer." 29 U.S.C. § 1002(6). The Supreme Court has held that traditional agency criteria should be used to determine whether a worker qualifies as an employee. Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318, 319, 112 S.Ct. 1344, 1346, 117 L.Ed.2d 581 (1992). Specifically the court adopted a common-law test that considers the hiring party's right to control the manner and means by which the product is accomplished. The factors relevant to this inquiry are: 1) the skill required; 2) the source of the instrumentalities and tools; 3) the location of the work; 4) the duration of the relationship between the parties; 5) whether the hiring party has the right to assign additional projects to the hired party; 6) the extent of the hired party's discretion over when and how long to work; 7) the method of payment; 8) the hired party's role in hiring and paying assistants; 9) whether the work is part of the regular business of the hiring party; 10) whether the hiring party is in business; 11) the provision of employee benefits; and 12) the tax treatment of the hired party. Id. at 323-24, 112 S.Ct. at 1348-49. Under this test no single factor is decisive; the overall relationship between the parties must be assessed and weighed. NLRB v. United Ins. Co. of America, 390 U.S. 254, 258, 88 S.Ct. 988, 990-91, 19 L.Ed.2d 1083 (1968).
 
 
 31
 The district court applied the above factors and evaluated the controverted and uncontroverted facts before ruling "[t]here is ample evidence to find Herr was an employee of McCormick Grain." Whether an individual is an employee or an independent contractor is generally a question of fact for the jury to decide. See Marvel v. United States, 719 F.2d 1507, 1515 (10th Cir.1983). Under the Fair Labor Standards Act, even though the question of whether a worker is an independent contractor or an employee is a question of law, " '[t]he existence and degree of each factor is a question of fact.' " Dole, 875 F.2d at 805 (quoting Brock v. Superior Care, Inc., 840 F.2d 1054, 1059 (2d Cir.1988)). Because this was a motion for summary judgment the question was not whether there was ample evidence but rather whether the evidence was uncontroverted and could lead to no other interpretation. Although the evidence supporting some of the factors was uncontroverted, there are other factors for which each party had a different explanation of how the relationship worked. Because each statute requires a totality of the circumstances test all factors must be determined and considered by the trier of fact.
 
 
 32
 Several controverted facts directly address the elements to be weighed by the trier of fact under the Employee Retirement Income Security Act, the Kansas Wage Payment Act and the Fair Labor Standards Act. In particular, the parties disagree over McCormick's right to control Mr. Herr. Mr. Herr claims that McCormick regulated him in all aspects of his work by providing him with customers, minimal profit margins and conditions of transactions. McCormick claims Mr. Herr had individual discretion regarding what customers he used and what transactions he entered. Among other things, the parties also dispute: the level of skill required to be a grain merchandiser; the financial source of the instrumentalities and tools used in the merchandising; and Mr. Herr's discretion in determining when and how long he worked. In this case we find there are controverted material facts that should be left to the jury to decide. Therefore, we reverse the district court's finding that Mr. Herr was an employee and remand the case for trial on this issue.
 
 
 33
 Because many of the other issues on appeal directly depend on whether Mr. Herr was classified as an independent contractor or an employee, we must vacate the findings on these issues and remand for further consideration.
 
 
 34
 First, the district court found it had subject matter jurisdiction under the Employee Retirement Income Security Act. In order to establish subject matter jurisdiction under the Employee Retirement Income Security Act, Mr. Herr must show he was either a participant or a beneficiary of a plan. 29 U.S.C. § 1132(a)(1). Mr. Herr claims he was a participant. A participant is "any employee or former employee of an employer ... who is or may become eligible to receive a benefit of any type from an employee benefit plan." 29 U.S.C. § 1002(7). Because we have found that Mr. Herr's status as an employee raises a triable issue of fact we must vacate the district court's ruling on subject matter jurisdiction. This determination cannot be made properly until after the trier of fact has found whether Mr. Herr was an employee or an independent contractor. We also must vacate as premature the district court's award of attorney's fees and costs to Mr. Herr on his Employee Retirement Income Security Act claim.
 
 
 35
 Next, the district court found under Fed.R.Civ.P. 50 in favor of Mr. Herr on his non-wilful Kansas Wage Payment Act claims. McCormick challenges this ruling. Because the Kansas Wage Payment Act applies only to the employer/employee relationship, we cannot address the merits of these claims and must remand for further consideration.
 
 
 36
 Our remand for trial on Mr. Herr's status as an employee also requires we remand several issues raised by Mr. Herr on cross-appeal; namely, the district court's finding that Mr. Herr was an exempt employee under the Fair Labor Standards Act necessitates the finding that he was an employee. This finding is thus vacated as premature and the issue is remanded. We also will not address Mr. Herr's contentions that the district court erred in finding McCormick's violations of the Kansas Wage Payment Act were not wilful. As mentioned above, in order for the Kansas Wage Payment Act to apply there must first be a determination Mr. Herr was an employee entitled to its protection. We also vacate the district court's finding Mr. Herr was not entitled to benefits under McCormick's money purchase pension plan.
 
 
 37
 We will now address the remaining claims.
 
 II
 
 38
 McCormick's promissory note claims depend on state contract law and not Mr. Herr's employment status. McCormick claims Mr. Herr was contractually obligated to pay it twenty per cent of any losses experienced due to one of his sales. The claims under the two promissory notes in question arose when Follett Feedyard and Wolfe Grain went bankrupt. According to McCormick, Mr. Herr owes $23,703.55 for the Follett Feedyard loss and $5,478.64 for the Wolfe Grain loss. Mr. Herr claims the notes fail for lack of consideration or in the alternative should not be upheld because they were signed under duress. The district court found the two notes failed for lack of consideration and granted Mr. Herr's motion for judgment as a matter of law under Fed.R.Civ.P. 50.
 
 
 39
 We review a grant or denial of a motion for judgment as a matter of law de novo. Sheets v. Salt Lake County, 45 F.3d 1383, 1387 (10th Cir.), cert. denied, --- U.S. ----, 116 S.Ct. 74, 133 L.Ed.2d 34 (1995). In doing so "we must construe the evidence and inferences most favorably to the nonmoving party." Ralston Dev. Corp. v. United States, 937 F.2d 510, 512 (10th Cir.1991) (citation and quotation marks omitted).
 
 
 40
 In order for a contract to be enforceable at law it must be supported by adequate consideration. Temmen v. Kent-Brown Chevrolet Co., 217 Kan. 223, 535 P.2d 873, 880 (1975). In Kansas, "consideration is sufficient if there is a benefit to the debtor or an inconvenience or deprivation to the creditor." State ex rel. Ludwick v. Bryant, 237 Kan. 47, 697 P.2d 858, 861 (1985). Furthermore, "an agreement to do or the doing of that which a person is already bound to do does not constitute a sufficient consideration for a new promise." Apperson v. Security State Bank, 215 Kan. 724, 528 P.2d 1211, 1219 (1974). In general, the failure of consideration is a question of fact for the jury to decide. Ferraro v. Fink, 191 Kan. 53, 379 P.2d 266, 269 (1963).
 
 
 41
 McCormick advances two main contentions to support its claim the notes are supported by consideration. First, McCormick claims Mr. Herr knew about the obligation at least one year into his relationship with McCormick and that his continued employment is adequate consideration. Second, McCormick notes that K.S.A. 16-107 "imports" consideration to all written contracts.
 
 
 42
 McCormick relies heavily on Puritan-Bennett Corp. v. Richter, 8 Kan.App.2d 311, 657 P.2d 589 (1983), for the proposition that continued employment can be adequate consideration.
 
 
 43
 In Richter, the Kansas Court of Appeals held
 
 
 44
 continued employment should not as a matter of law be disregarded as consideration sufficient to uphold a covenant not to compete. Ordinarily, the presence of a benefit or detriment to a promisor, sufficient to constitute consideration, is a question of fact, as is the question of what constitutes consideration when that issue is controverted.
 
 
 45
 Id. 657 P.2d at 592. When asked why he signed the notes, Mr. Herr stated: "I knew I had to have something to live on, so I just felt like I had no choice but to sign the notes if I wanted to continue working for McCormick Grain." In Richter, the court notes without disapproval that in some states a threat of immediate termination can be viewed as consideration to support a covenant not to compete. 657 P.2d at 592. Because in Kansas continued employment can be consideration in certain circumstances, and the question of consideration is a question of fact, we reverse the district court's ruling and remand the issue for the jury to decide whether Mr. Herr's continued employment depended on his signing the notes and, if so, whether this was adequate consideration.
 
 
 46
 McCormick's reliance on K.S.A. § 16-107 to "import" consideration to the promissory notes was properly rejected by the district court. McCormick overlooks K.S.A. 16-108, which provides that the failure of consideration for a written contract may be shown as a defense to an action on the contract. The interaction of the two statutes was examined in Ferraro. In that case, an employee claimed he had not signed a non-competition clause prior to receiving a raise. He claimed the clause had been added to the agreement after he had signed it. The court held that § 16-107's presumption of consideration is a presumption of fact; not of law. Id. 379 P.2d at 269. The court stated "[o]rdinarily the question of the presence of a benefit or detriment to the promisor, sufficient to constitute a consideration, is a question of fact, as is the question of what constitutes the consideration, where it is controverted." Id. In the case at bar, there is a factual dispute as to whether Mr. Herr's continued employment constituted adequate consideration. K.S.A. § 16-107 merely creates a factual presumption which Mr. Herr successfully rebutted.
 
 III
 
 47
 Finally, we turn to Mr. Herr's appeal of the district court's summary judgment order finding no personal liability for Mr. Heiman. At the summary judgment stage of the proceedings, Mr. Herr claimed Mr. Heiman should be held liable by piercing McCormick's corporate veil or as an alter ego of McCormick. On appeal and in his Fed.R.Civ.P. 59(e) motion, Mr. Herr argues Mr. Heiman should be held liable under an "operational control" theory applied by the First Circuit in Fair Labor Standard Act cases.[1] Because Mr. Herr did not advance this theory before the trial court at the summary judgment stage we will not consider it on appeal. Farmers Ins. Co. v. Hubbard, 869 F.2d 565, 570 (10th Cir.1989) ("This court will generally not address issues that were not considered and ruled on by the district court."); Lone Star Steel Co. v. United Mine Workers of America, 851 F.2d 1239, 1243 (10th Cir.1988) ("Ordinarily, a party may not lose in the district court on one theory of the case, and then prevail on appeal on a different theory.") Thus, we affirm the district court's order dismissing Mr. Heiman from the case.
 
 IV
 
 48
 In accordance with the above stated findings we REMAND the case for trial on the issues of Mr. Herr's status as an employee or an independent contractor and whether the Follett Feedyard and Wolfe Grain promissory note claims were supported by adequate consideration, VACATE the district court's rulings premised on the above finding with the direction to reconsider such rulings in light of the evidence presented at the new trial, and AFFIRM the district court's orders dismissing Mr. Heiman from the case.
 
 
 
 [1]
 Mr. Herr does not specify whether he is appealing the district court's denial of his motion to reconsider or the court's granting of Mr. Heiman's motion for partial summary judgment. We review an appeal from a motion to reconsider for abuse of discretion. Elsken v. Network Multi-Family Sec. Corp., 49 F.3d 1470, 1476 (10th Cir.1995); Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir.1994), cert. denied, --- U.S. ----, 115 S.Ct. 750, 130 L.Ed.2d 650 (1995). We find the district court did not abuse its discretion in preventing Mr. Herr from raising a new theory of liability in his motion to reconsider which he could have raised at the summary judgment stage