UNITED STATES COURT OF APPEALS
**Filed 5/17/96**
FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

PATRICK T. MCGIFF,

Defendant-Appellant.

No. 95-4124
(D.C. No. 94-CV-163-S)
(D. Utah)

ORDER AND JUDGMENT[*]

Before PORFILIO, JONES,[**] and TACHA, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]     Honorable Nathaniel R. Jones, Senior Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

Defendant appeals from the district court's decision denying his motion for reconsideration of the denial of postconviction relief, 28 U.S.C. § 2255, from his federal conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). We review the denial of reconsideration only for an abuse of discretion. Herr v. Heiman, 75 F.3d 1509, 1515 n.1 (10th Cir. 1996). On appeal, as before the district court, defendant makes the following arguments: 1) the prosecution failed to establish the federal court's jurisdiction in the underlying criminal case; 2) § 922(g) is unconstitutional; 3) the search producing the firearm was unconstitutional; 4) in light of the State of Utah's certification of defendant as a hunter safety instructor, he reasonably believed that he could possess a firearm without violating § 922(g); 5) defendant's guilty plea was not knowing, intelligent or voluntary; 6) there is no federal regulation implementing § 922(g); and 7) defendant's attorney was ineffective for failing to raise these issues to the trial court. Upon consideration of the record and the parties' arguments on appeal, we affirm.

Defendant's conviction rests upon his guilty plea. "Once a defendant has pled guilty, the only non-jurisdictional avenue for challenging his conviction is to claim that his plea was not knowing and voluntary." Romero v. Tansy, 46 F.3d 1024, 1033 (10th Cir.), cert. denied, 115 S. Ct. 2591 (1995). Defendant argues that his plea was not knowing and voluntary because, at the time, he was suffering from, and receiving medication for, severe depression, and because he received constitutionally ineffective representation. At the time he entered his guilty plea, however, defendant specifically asserted to the court that he was not taking

2

any medication. "It is well-established that a defendant's statements on the record, 'as well as findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings.'" Id. (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)).

Further, the record indicates that defendant was not evaluated and treated for his depression, in anticipation of sentencing, until September 1992, several months after the June 1, 1992 plea proceeding. And while that mental health evaluation did indicate that plaintiff had probably suffered from significant depression for the preceding five years, defendant fails to allege specifically how this depression influenced his decision to enter a guilty plea. Defendant, therefore, has failed to assert a viable challenge to his guilty plea based upon his mental state at the time he entered the plea.

Defendant also argues that his plea was involuntary because it was the product of ineffective assistance of counsel. In order to prevail on this claim, defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have, instead, insisted upon proceeding to trial. United States v. Carr, 80 F.3d 413, 418 (10th Cir. 1996)(citing, e.g., Hill v. Lockhart, 474 U.S. 52, 59 (1985)). Because defendant, however, has failed to allege, or assert any evidence tending to support, such a claim, his ineffective assistance argument also fails.

Because defendant's guilty plea, therefore, was voluntary, knowing and intelligent, it precludes all of his non-jurisdictional arguments. United States v. Fisher, 38 F.3d 1144,

3

1146 n.2 (10th Cir. 1994). Moreover, defendant's jurisdictional arguments for relief lack merit. Section 922(g) does not violate the Commerce Clause because it contains a jurisdictional element specifically requiring the prosecution to prove that, at some time, the firearm at issue was in interstate commerce. United States v. Bolton, 68 F.3d 396, 400 (10th Cir. 1995)(distinguishing United States v. Lopez, 115 S. Ct. 1624 (1995)), cert. denied, 116 S. Ct. 966 (1996). And while defendant is correct that, when charged with violating § 922(g), he is entitled to require the government to prove this jurisdictional element beyond a reasonable doubt, in entering his guilty plea, defendant admitted the existence of this jurisdictional element. See United States v. Broce, 488 U.S. 563, 569 (1989)("A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence."). Because, in order to prevail on his jurisdictional claim, defendant would now have to contradict the admissions resulting from his valid guilty plea, this claim must fail as well. See United States v. Allen, 24 F.3d 1180, 1183 (10th Cir.), cert. denied, 115 S. Ct. 493 (1994).

The judgment of the United States District Court for the District of Utah is, therefore, AFFIRMED.

The mandate shall issue forthwith.

Entered for the Court

4

Deanell Reece Tacha
Circuit Judge