UNITED STATES COURT OF APPEALS
**Filed 1/10/97**
FOR THE TENTH CIRCUIT

RONALD E. VEATCH,

      Petitioner-Appellant,

v.

UNITED STATES OF AMERICA,

      Respondent-Appellee.

No. 95-6342
(D.C. No. CIV-94-666-W)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before BALDOCK and BRISCOE, Circuit Judges, and LUNGSTRUM,[**] District Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable John W. Lungstrum, District Judge, United States District Court for the District of Kansas, sitting by designation.

this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Petitioner Ronald E. Veatch appeals from the district court's orders adopting the magistrate judge's recommendations to dismiss his claims brought under 28 U.S.C. § 2241 and 42 U.S.C. §§ 1983-1986, based on conditions he endured in the Oklahoma County Jail while awaiting trial.  He claims the jail conditions prevented him from defending himself and receiving a fair trial in the criminal case for which he was being held.  He was ultimately convicted.  The remedy he seeks is reversal of the criminal conviction.

Habeas proceedings under § 2241 cannot be used as a substitute for a direct criminal appeal.  Cf. United States v. Warner, 23 F.3d 287, 291 (10th Cir.1994)(habeas proceedings "are not available to test the legality of matters which should have been raised on direct appeal").  Petitioner's claims that he was denied a fair trial and an opportunity to present a defense were related to his criminal case.  Therefore, the avenue for relief from petitioner's criminal conviction was a direct criminal appeal.

Petitioner's claims that the jail conditions were intolerable are not cognizable under § 2241.  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody."  Prieser v.

Rodriguez, 411 U.S. 475, 484 (1973). While such allegations may give rise to other remedies, habeas corpus is not available to redress these grievances because the jail conditions have no bearing on the validity of his custody.

We next address petitioner's claims styled as "civil rights violations 42 USC 1983-1986." R. vol. I, doc. 1 at 1. Petitioner alleges that the prosecuting attorneys in his criminal case, the public defenders, and various jail personnel conspired to keep him in solitary confinement and deprive him of proper food, exercise, a telephone, and a law library in order to prevent him from defending himself in the criminal case. Citing Haines v. Kerner, 404 U.S. 519 (1972), the district court liberally construed petitioner's claims as stating a cause of action under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and dismissed the claims because they were filed against the United States government, rather than against the individuals involved. The district court correctly dismissed the Bivens action brought against the United States. See Weaver v. United States, 98 F.3d 518, 520 (10th Cir. 1996)(suit against the United States barred by sovereign immunity); Chapoose v. Hodel, 831 F.2d 931, 935 (10th Cir. 1987)(same).

Because we determine that petitioner's claims were properly dismissed on legal grounds, the district court did not abuse its discretion in denying discovery and a hearing. See Lasiter v. Thomas, 89 F.3d 699, 702 (10th Cir. 1996)(district

court's denial of hearing reviewed for abuse of discretion); Medina v. Barnes, 71 F.3d 363, 366 (10th Cir. 1995)("To be entitled to an evidentiary hearing in a federal habeas action, the petitioner must first make allegations which, if proved, would entitle him to relief.").

We decline to address petitioner's arguments pertaining to a parole violator warrant because he raised them for the first time in his reply brief. See State Farm Fire & Casualty Co. v. Mhoon, 31 F.3d 979, 984 n.7 (10th Cir. 1994)(issue waived if not raised in opening brief); Lyons v. Jefferson Bank & Trust, 994 F.2d 716, 724 (10th Cir. 1993)(generally, issues raised for first time in reply brief will not be considered). Petitioner's remaining claims were not presented to the district court, and will not be considered for the first time on appeal. See Herr v. Heiman, 75 F.3d 1509, 1515 (10th Cir. 1996).

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

John W. Lungstrum
District Judge

-4-