**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 22 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

BOBBY CROFT; KEVIN OWENS;
AARON STIMPSON; and DANIEL
ROBERTS,

      Plaintiffs-Appellants,

v.

ASSOCIATED FOOD STORES, INC.,

      Defendant-Appellee.

No. 98-4104
(D.C. No. 96-CV-379-B)
(D. Utah)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY** , **EBEL** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiffs Bobby Croft, Kevin Owens, Aaron Stimpson, and Daniel Roberts, appeal the district court's orders (1) granting summary judgment on plaintiffs' employment discrimination claims in favor of defendant Associated Food Stores, Inc., and (2) denying plaintiffs' motion to reconsider. We affirm.

Plaintiffs, who are African-Americans, worked as "lumpers" between 1994 and 1996, unloading independent truckers' deliveries at defendant's warehouse. In June 1996, plaintiffs brought this action, alleging, inter alia, that defendant discriminated against them based on their race in violation of Title VII of the Civil Rights Act of 1964. [1]

On October 15, 1997, defendant moved for summary judgment on the ground that plaintiffs were independent contractors and could not, therefore, maintain a Title VII action. Plaintiffs did not file their response when due, but instead requested and received an extension of time until November 17, 1997. Plaintiffs failed to meet this deadline. On November 21, 1997, plaintiffs filed a motion for extension of time until November 30, 1997. Plaintiffs again failed to meet the deadline. On December 15, 1997, after reviewing defendant's motion and supporting evidence, the district court found good cause for granting the

---

[1] Although plaintiffs' complaint contained other claims and other defendants, they appeal only the grant of summary judgment on their Title VII claim in favor of defendant Associated Food Stores, Inc.

motion for summary judgment. On December 16, 1997, plaintiffs attempted to file their response to the summary judgment motion.

On December 29, 1997, plaintiffs filed a motion for relief from the summary judgment order, and on January 7, 1998, they filed a motion to reconsider. The matter was set for a hearing, at which plaintiffs' attorney failed to appear. Thereafter, the district court found that plaintiffs had not shown extraordinary circumstances meriting relief from the summary judgment order, and that, in any case, the evidence submitted in plaintiffs' response would not have changed the outcome of the case.

We review the district court's grant of summary judgment de novo and apply the same legal standard as the district court. See Wolf v. Prudential Ins. Co. of Am. , 50 F.3d 793, 796 (10th Cir. 1995). Summary judgment is appropriate if there is "no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). We review the court's denial of plaintiffs' motion to reconsider for an abuse of discretion. See Herr v. Heiman , 75 F.3d 1509, 1515 n.1 (10th Cir. 1996).

Plaintiffs argue first that the district court erred in granting summary judgment based on District of Utah Local Rule 56-1(a), because a rule authorizing summary judgment on any ground other than the absence of a genuine issue of fact and legal entitlement violates Fed. R. Civ. P. 56. Several courts have held

that summary judgment may not be granted as a sanction for a party's failure to respond, but may be granted only when the moving party's evidence itself demonstrates no genuine issue of fact and entitlement to judgment.     See, e.g. , Tobey v. Extel/JWP, Inc.   , 985 F.2d 330, 332 (7th Cir. 1993) (holding summary judgment could not be granted as a sanction);     Henry v. Gill Indus., Inc.   , 983 F.2d 943, 950 (9th Cir. 1993) (holding local rule authorizing summary judgment as sanction for failure to respond, without regard to merits, impermissibly violated Fed. R. Civ. P. 56).

Here, however, the district court did not grant summary judgment as a sanction.  Instead, after noting that plaintiffs had not disputed any of defendant's facts, the district court held that defendant's evidence itself raised no issue of material fact and that defendant was entitled to judgment as a matter of law.  This approach is consonant with Fed. R. Civ. P. 56(e), which authorizes entry of summary judgment "if appropriate," when a nonmoving party fails to respond to a properly supported summary judgment motion.

Further, we agree with the district court that defendant's undisputed evidence shows that plaintiffs were not "employees" as a matter of law.  Plaintiffs negotiated the terms of their contracts, including price and hours, with the independent truckers.  They contracted out their services to the truckers under their own business names.  Defendant did not pay plaintiffs; did not require them

to work particular hours, or for that matter, to work at all; did not provide benefits, and did not regulate how plaintiffs did their work. See Lambertsen v. Utah Dep't of Corrections, 79 F.3d 1024, 1028 (10th Cir. 1996) (adopting test to determine employment relationship which looks mainly at right to control "means and manner" of worker's performance, but considers other factors as well). Finally, to obtain lumping privileges at the warehouse, each plaintiff signed a policy acknowledging that they were not employees of defendant.

Plaintiffs point to the fact that they were required to obtain a lumper card from defendant; that certain conduct was required of them; and that their lumping privileges could be suspended or revoked by defendant. Although defendant controlled certain rudimentary aspects of plaintiffs' conduct while on defendant's property, this was not the degree of control necessary to create an employer-employee relationship. See id. at 1026, 1028-29 (holding as a matter of law that controlling worker's entry, reviewing classroom materials for security threats, investigating worker's background, and requiring adherence to code of conduct within facility, did not create employment relationship with Department of Corrections).

Because defendant's evidence did not raise a factual dispute regarding plaintiffs' employment status, but showed instead that plaintiffs were independent contractors as a matter of law, summary judgment was properly granted. Further,

plaintiffs have not shown the district court abused its discretion in denying their motion to reconsider. Accordingly, the judgment of the United States District Court for the District of Utah is AFFIRMED .

Entered for the Court


David M. Ebel
Circuit Judge