0171

T. Eston MARCHANT, Respondent, v. SOUTH CAROLINA
INSURANCE COMPANY, Appellant.

(316 S. E. (2d) 707)

Court of Appeals

*Robert G. Currin, Jr.,* of *Nelson, Mullins, Grier & Scarborough,* Columbia, *for appellant.*

*James R. Barber, III,* of *Marchant, Bates, Todd & Barber,* Columbia, *for respondent.*

May 14, 1984.

SHAW, Judge:

This is a declaratory judgment action to determine the validity of a territorial limitation clause contained in an automobile insurance policy. The Circuit Judge held the clause to be void. We reverse.

In March of 1979, the respondent — Marchant's daughter was struck and injured by an uninsured motor vehicle (a stolen car) in Nassau, Bahamas. Marchant brought a declaratory judgment action seeking to have declared void the territorial limitation contained in the appellant — South Carolina Insurance Company's policy. The territorial limitation provides coverage for accidents occurring only within the United States, its territories or possessions, or Canada.

As there were no material facts in dispute, both sides properly moved for summary judgment. See Circuit Court Rule 44(c); *Williams v. Chesterfield Lumber Co.*, 267 S. C. 607, 230 S. E. (2d) 447 (1976). The Circuit Judge granted Marchant's motion and denied the Insurance Company's, ruling that the territorial limitation contravened the laws and public policy of South Carolina.

It has been repeatedly stated that the purpose of the South Carolina Uninsured Motorist Law is to provide protection against the peril of injury by an uninsured motorist to an insured motorist, his family and the permissive users of his vehicle. The entire act is remedial in nature and is entitled to a liberal construction to effectuate the purpose thereof. *Gunnels v. American Liberty Ins. Co.*, 251 S. C. 242, 161 S. E. (2d) 822 (1968). But because uninsured motorist coverage is made under statutory compulsion and is not voluntary, imposing upon the liability insurer an additional obligation for which no additional premium is paid, it should not by judicial interpretation be extended beyond the plain intent of the statute. *Davidson v. Eastern Fire and Casualty Ins. Co.*, 245 S. C. 472, 141 S. E. (2d) 135 (1965).

There is no provision in the Uninsured Motorist Statutes which, either expressly or by implication, requires that the uninsured motorist endorsement must insure against any and all liability. *Laird v. Nationwide Ins. Co.*, 243 S. C. 388, 134 S. E. (2d) 206 (1964). Insurers may limit their liability and impose whatever conditions they please upon their obligations, provided such conditions are not in contra-

vention of some statutory inhibition or public policy. *Vernon v. Harleysville Mutual Casualty Co.*, 244 S. C. 152, 135 S. E. (2d) 841 (1964); *Rhame v. National Grange Mutual Ins. Co.*, 238 S. C. 539, 121 S. E. (2d) 94 (1961).

After reviewing all applicable South Carolina law, we find nothing in the uninsured motorist statutes that requires an insurer to furnish such insurance all over the world. It seems clear that the legislature intended the territorial extent of uninsured motorist coverage to be at least no less than that required of liability coverage, i.e., the United States and Canada. See Section 56-9-820 of the 1976 South Carolina Code of Laws. The public policy of South Carolina does not mandate that uninsured motorist coverage be extended all over the globe when the liability statute only requires coverage in the United States and Canada. It would defy common sense for us to hold that, even though the legislature provided a geographic limitation on liability coverage, they intended to require insurers to provide uninsured motorist coverage for accidents occurring anywhere on the face of the earth. There are no compelling or legitimate reasons for world-wide coverage of uninsured motorist insurance while there is a rational basis for a geographic limitation. Insurers providing uninsured motorist coverage must base their rates on the risk that the insured will be struck by an uninsured vehicle. It is certainly rational to exclude countries where the number of uninsured motorists is unknown or so high as to make coverage impractical. We can find no legislative intent to prohibit all general restrictions on uninsured motorist coverage. *Vernon v. Harleysville Mutual, supra.* Since the provisions of the insurance policy are clear and unambiguous and the insurance involved is one imposed by law, we are not disposed to extend coverage in the manner proposed. *Davidson v. Eastern Fire and Casualty, supra.*

We find further support for our decision that this territorial limitation does not contravene the laws and public policies of our state from cases from other jurisdictions. In the majority of such cases, similar limitations were upheld as valid. The case of *Curtis v. Allstate Ins. Co.*, 631 F. (2d) 79 (5th Cir. 1980), provides a good example. There, the same territorial limitation as here was ruled valid because there were no Louisiana laws or public policies preventing such a re-

striction. For other cases, *see Robles v. California State Automobile Association,* 79 Cal. App. (3d) 602, 145 Cal. Rptr. 115 (1978) and *TransAmerica Ins. Co. v. McKee,* 27 Ariz. App. 158, 551 P. (2d) 1324 (1976).

Reversed.

BELL and CURETON, JJ., concur.