No. 75,266

FELIX DEGOLLADO and VICENTA DEGOLLADO, surviving parents and heirs-at-law of Ronnie Degollado, a deceased minor, *Appellants*, v. EMILIO CRUZ GALLEGOS and UNITED STATES FIDELITY AND GUARANTY COMPANY, *Appellees.*

(917 P.2d 823)

Opinion filed May 31, 1996.

*Dustin L. DeVaughn*, McDonald, Tinker, Skaer, Quinn & Herrington, P.A., of Wichita, argued the cause, and *Richard L. Marquez*, of Lindner, Bolt & Marquez, of Garden City, was with him on the brief for appellants.

*Arthur S. Chalmers*, Kahrs, Nelson, Fanning, Hite & Kellogg, L.L.P., of Wichita, argued the cause and was on the brief for appellee United States Fidelity & Guaranty Company.

The opinion of the court was delivered by

DAVIS, J.: The case involves a question concerning uninsured motorist coverage under an insurance policy issued to Felix Degollado and Vicenta Degollado by United States Fidelity and Guaranty Company (USF&G). The United States Tenth Circuit Court of Appeals certified the following question: "Is a provision in an insurance contract limiting uninsured motorist coverage to the United States and Canada void because territorial limitations are not listed in [K.S.A.] 40-284(e) as one of the permitted exclusions to mandatory uninsured motorist coverage?" Our jurisdiction is under K.S.A. 60-3201 *et seq.*, the Uniform Certification of Questions of Law Act. We answer the certified question "no."

A summary of facts is set forth by the Tenth Circuit Court of Appeals:

"On April 4, 1993, Ronnie Degollado was on vacation in San Roberto, Nuevo Leon, Mexico. On that date, he was a passenger in a 1990 Chevrolet Storm 2x2 automobile driven by his sister, Connie Degollado. As they proceeded on the highway, a motor vehicle driven by Emilio Cruz Gallegos approached from the opposite direction. As Gallegos approached, the left front wheel and lug nuts of his vehicle suddenly came off and struck the Degollados' vehicle. The lug nuts broke through their [automobile] windshield, striking Ronnie Degollado in the head. He died three days later of the resulting injuries.

"The vehicle in which Ronnie Degollado was a passenger was insured through a policy issued by United States Fidelity and Guaranty Company (USF&G). The policy was purchased and executed in accordance with Kansas law, through a Kansas agent, and delivered in the state of Kansas. The Degollados had paid all required policy premiums and had complied with all other conditions precedent to make the policy valid and enforceable. The policy contained a provision insuring passengers in the vehicle in the event of injury or death caused by an uninsured motorist, as required by Kan. Stat. Ann. § 40-284(a).

"However, the policy limited coverage to the territorial United States and the Dominion of Canada. Because the accident in question occurred in Mexico, USF&G denied the claims of Ronnie Degollado's survivors for uninsured motorist coverage. This lawsuit followed."

The plaintiffs brought this action in the United States District Court. The district court concluded that the territorial restriction on uninsured motorist coverage was not void under Kansas law and entered judgment in favor of USF&G. The plaintiffs appealed this

ruling to the Tenth Circuit Court of Appeals, which submitted the certified question to this court.

The question addressed to this court is whether the insurance policy territorial limitation is valid under Kansas law. The resolution of this certified question involves the interpretation of K.S.A. 40-284, governing uninsured motorist provisions in insurance contracts. The interpretation of a statute is a question of law over which this court has unlimited review. See *Todd v. Kelly*, 251 Kan. 512, 515, 837 P.2d 381 (1992).

The question is one of statutory interpretation to determine whether the territorial limitations of the policy conflict with or attempt to diminish or omit the statutorily mandated coverage. K.S.A. 40-284(a) provides that no liability insurance policy can be sold in the state unless it contains an uninsured motorist provision with policy limits equal to the liability coverage. K.S.A. 40-284(a) is silent as to the geographic extent of mandated coverage. We have held that insurance policy provisions which condition, limit, or dilute uninsured motorist coverage mandated by K.S.A. 40-284 are void and unenforceable. *Allied Mut. Ins. Co. v. Gordon*, 248 Kan. 715, 733, 811 P.2d 1112 (1991). At the same time, Kansas law supports the proposition that the policy provisions must be examined, and to the extent that the provisions do not conflict with or attempt to diminish or omit the statutorily mandated coverage, the limiting provisions will be controlling between the parties. *State Farm Mut. Auto. Ins. Co. v. Cummings*, 13 Kan. App. 2d 630, 633, 778 P.2d 370, *rev. denied* 245 Kan. 786 (1989).

The plaintiffs base their argument upon subsection (e) of K.S.A. 40-284, which provides:

"(e) Any insurer may provide for the exclusion or limitation of coverage:

"(1) When the insured is occupying or struck by an uninsured automobile or trailer owned or provided for the insured's regular use;

"(2) when the uninsured automobile is owned by a self-insurer or any governmental entity;

"(3) when there is no evidence of physical contact with the uninsured motor vehicle and when there is no reliable competent evidence to prove the facts of the accident from a disinterested witness not making claim under the policy;

"(4) to the extent that workers' compensation benefits apply;

"(5) when suit is filed against the uninsured motorist without notice to the insurance carrier; and

"(6) to the extent that personal injury protection benefits apply."

The plaintiffs argue that because K.S.A. 40-248(e) does not provide for the exclusion or limitation of coverage when the accident occurs in Mexico, no such exclusion or limitation is allowed in the policy. More specifically, plaintiffs contend that K.S.A. 40-284 mandates uninsured motorist coverage in Kansas and subsection (e) sets forth the exclusion or limitation of such coverage. Since there is no territorial exclusion mentioned, the USF&G policy provisions attempting to impose territorial limitations are void. The plaintiffs' argument is based upon the familiar principle of statutory construction *expressio unius est exclusio alterius*, which means that the mention or inclusion of one thing implies the exclusion of another. *State v. Luginbill*, 223 Kan. 15, 20, 574 P.2d 140 (1977).

However, blind adherence to the maxim *expressio unis est exclusio alterius* has never been the rule in Kansas. We have held that while the maxim may assist in determining legislative intent that is not otherwise manifest, it should not be employed to override or defeat a clearly contrary legislative intention. *State v. Luginbill*, 223 Kan. at 20.

Two important rules of statutory construction control that decision in this case. The first rule and a cardinal rule of construction is that the intent of the legislature governs if that intent can be ascertained. *City of Wichita v. 200 South Broadway*, 253 Kan. 434, 436, 855 P.2d 956 (1993). Secondly, the legislature is presumed to intend that a statute be given a reasonable construction so as to avoid unreasonable or absurd results. *Todd v. Kelly*, 251 Kan. at 520.

The purpose of K.S.A. 40-284 is to fill the gap inherent in motor vehicle financial responsibility and compulsory insurance legislation mandated in the state. See *Winner v. Ratzlaff*, 211 Kan. 59, 63-64, 505 P.2d 606 (1973). As such, it provides that no automobile liability insurance policy may be sold in Kansas unless it contains a provision for uninsured motorist coverage equal to its liability coverage. See K.S.A. 40-284(a). The mandated requirements of a liability policy are contained in K.S.A. 40-3107. An insurance policy

sold in Kansas must contain, at the very least, liability provisions as mandated by K.S.A. 40-3107 and uninsured motorist coverage equal to that liability coverage as mandated by K.S.A. 40-284.

K.S.A. 40-3107(b) mandates that any liability insurance policy issued in the state must insure the policyholder against loss from damages arising out of the ownership, maintenance, or use of the covered vehicle within the United States or Canada. As the purpose of K.S.A. 40-284 is to provide equal coverage against damage caused by an uninsured motorist, it is logical to construe it as requiring such coverage over the same geographical area, *i.e.*, the United States and Canada. To construe the statute otherwise would result in a situation wherein liability coverage must cover the United States and Canada, but uninsured motorist coverage in the same policy must cover the insured anywhere in the world. This is an absurd result which would go far beyond the intent of the legislature that uninsured motorist coverage fill in the gap left by, and mirror, liability coverage.

Nevertheless, the plaintiffs argue that because K.S.A. 40-284(e) does not expressly list territorial limitations as a permitted exclusion, such territorial limitations cannot be applied. However, a provision providing uninsured motorist coverage in the United States and Canada is not an exclusion, limitation, or dilution of the uninsured motorist coverage mandated in K.S.A. 40-284 unless we start with the proposition that the coverage mandated by the statute is worldwide in the first place. The problem with the plaintiffs' reasoning is illustrated by a similar case decided by the Pennsylvania Supreme Court, *Hall v. Amica Mut. Ins. Co.*, 538 Pa. 337, 648 A.2d 755 (1994). In *Hall*, the court disapproved of an earlier case, *Gerardi v. Harleysville Ins. Co.*, 293 Pa. Super. 375, 439 A.2d 160 (1981), which had used this line of reasoning to determine that territorial limitations on uninsured motorist coverage were void. The *Hall* court stated:

"The rationale in *Gerardi* is not persuasive. It provides an illustrative example of the logical fallacy of *petitio principii*. The syllogism representing this rationale may be stated thus: the statute requires worldwide uninsured motorist coverage; the statute authorizes three exceptions but does not authorize a territorial limitation; explicit exceptions exclude all other exceptions; therefore the statute re-

quires worldwide coverage. *The reasoning is valid only if one starts with the conclusion. Unless the statute requires worldwide coverage, a territorial limitation is not an exception, the rule of statutory construction, expressio unius est exclusio alterius—expression of one exception excludes all others—does not come into play, and the logic breaks down entirely."* (Emphasis added.) 538 Pa. at 344.

The same is true in this case. Were we to assume that K.S.A. 40-284 mandates worldwide uninsured motorist coverage, then any provision limiting coverage to the United States and Canada would be an impermissible exclusion of mandated coverage and, therefore, void. However, we conclude that such an assumption would be contrary to the legislative intent of K.S.A. 40-284. We are convinced that K.S.A. 40-284 must be read *in pari materia* with K.S.A. 40-3107 in order to determine the coverage mandated in Kansas.

When K.S.A. 40-284 is read together with K.S.A. 40-3107, it is evident that both the liability provisions and the uninsured motorist provisions in Kansas must protect the insured against liability imposed or damages suffered from accidents occurring in the United States and Canada. Any provision attempting to limit the territorial effect of this coverage is void as an impermissible exclusion. However, a provision limiting coverage to that required by the statute is not void for the same reason.

We note that our conclusion in this case echoes the result reached in the overwhelming majority of jurisdictions that have considered this same issue. See *Curtis v. Allstate Ins. Co.*, 631 F.2d 79 (5th Cir. 1980); *Mission Ins. Co. v. Brown*, 63 Cal. 2d 508, 47 Cal. Rptr. 363, 407 P.2d 275 (1965); *Robles v. California State Auto Assn.*, 79 Cal. App. 3d 602, 145 Cal. Rptr. 115 (1978); *Heinrich-Grundy v. Allstate Ins. Co.*, 402 Mass. 810, 525 N.E.2d 651 (1988); *Smith v. Illinois Farmers Ins. Co.*, 455 N.W.2d 499 (Minn. App. 1990); *State Farm Auto Ins. Co. v. Cabuzzi*, 123 N.H. 451, 462 A.2d 129 (1983); *Hall v. Amica Mut. Ins. Co.*, 538 Pa. 337; *Marchant v. S.C. Insurance Co.*, 281 S.C. 585, 316 S.E.2d 707 (1984); *Lovato v. Liberty Mutual Insurance*, 109 Wash. 2d 43, 742 P.2d 1242 (1987); *Cf. Bartning v. State Farm Fire and Cas. Co.*, 162 Ariz. 344, 783 P.2d 790 (1989). Although we deal here with our own version of an uninsured motorist statute, we find the reasoning in the above cases persuasive.

The question put to this court by the Tenth Circuit Court of Appeals was whether a provision in an insurance contract limiting uninsured motorist coverage to the United States and Canada is void because territorial limitations are not listed in K.S.A. 40-284(e) as one of the permitted exclusions to mandatory uninsured motorist coverage. For the reasons stated above, we answer the question "no."