Porter K. Brown, City Attorney City of Hutchinson P. O. Box 1567 Hutchinson, Kansas 67504-1567
Dear Mr. Brown:
As legal counsel for the City of Hutchinson, you request our opinion regarding whether the Kansas Architectural Accessibility Standards Act (KAASA), K.S.A. 58-1301 et seq., requires the application of accessibility standards similar to those set forth in Title III of the Americans With Disabilities Act (ADA),42 U.S.C.A. §§ 12101 et seq., to newly-constructed places of worship or to alterations of existing places of worship.
Upon finding that American society had tended to isolate and segregate individuals with disabilities and that such discrimination continued to be a serious and pervasive social problem, and that the nation's proper goals regarding individuals with disabilities were to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals, 42 U.S.C.A. § 12101, the United States Congress enacted the ADA. Title III (42 U.S.C.A. §§ 12181 — 12188) provides that:
 "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C.A. § 12182.
Exempt from the provisions of Title III of the ADA are private clubs or establishments exempted from coverage under Title II of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000a et seq., and religious organizations or entities controlled by religious organizations, including places of worship. 42 U.S.C.A. § 12187.
Through enactment of L. 1992, ch. 208, §§ 1-9, the Kansas Legislature amended the accessibility standards for public buildings set forth in article 13 of chapter 58 of the Kansas Statutes Annotated.
 "(a) Except as provided in K.S.A. 58-1307, and amendments thereto, all existing facilities, and the design and construction of all new, additions to and alterations of, facilities in this state shall conform to Title II or Title III, as appropriate. The design and construction of new, addition [sic] to or alteration of, any facility which receives a building permit or permit extension after the effective date of this act shall be governed by the provisions of this act." K.S.A. 58-1301 (emphasis added).
The interpretation of a statute is a question of law over which the Court has unlimited review. Degolladov. Gallegos, 260 Kan. 169, syl. ¶ 2 (1996). A cardinal rule of statutory construction is that the intent of the Legislature governs if that intent can be ascertained.Id., at 169, syl. ¶ 3. In determining legislative intent, courts are not limited to a mere consideration of the language used, but may look to the historical background of the enactment, the circumstances attending its passage, the purpose to be accomplished, and the effect the statute may have under the various constructions suggested. Galindo v. City ofCoffeyville, 256 Kan. 455, syl. ¶ 4 (1994). If the Legislature disagrees with the Court's interpretation of the statute, the Legislature has the power to set aside the Court's interpretation by amending the statute.Tompkins v. Bise, 259 Kan. 39, syl. ¶ 3 (1996).
The purpose behind enacting the provisions set in L. 1992, ch. 208, §§ 1 — 9 was to bring the state accessibility standards into conformity with the standards established under the ADA. See Minutes, Senate Committee on Ways and Means, Attachments 2, 3 (April 10, 1992); Minutes, House Committee on Judiciary, Attachment 1 (March 24, 1992). Recognizing that the ADA developed different obligations depending on the type of facility involved, the Kansas Legislature authorized the application of different standards depending on the type of facility. Pursuant to K.S.A.58-1301, all new, additions to, and alterations of facilities in Kansas were required to conform to the standards set forth in Title II of the ADA when appropriate, or to the standards developed under Title III of the ADA should that application be appropriate.
In the situation presented, the place of worship being constructed or altered is not owned, operated, or leased by a public entity. As such, application of standards set forth in Title II would not be appropriate. Pursuant to 42 U.S.C.A. § 12187, religious organizations and places of worship were expressly exempted from application of the standards developed under Title III of the ADA, making application of those standards to a place of worship inappropriate. Because application of standards developed under Title II and Title III of the ADA to a place of worship would not be appropriate, the Kansas Legislature has, through language set forth in K.S.A. 58-1301, exempted places of worship from application of the Kansas architectural accessibility standards.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS:jm