The Honorable Laura L. McClure State Representative, 119th District State Capitol, Room 278-W Topeka, Kansas 66612-1504
Dear Representative McClure:
You inquire whether production contracts, entered into by a farmer and a corporate entity subject to the prohibition against the ownership of agricultural land, have any restrictions on the types of operations or involvement such as swine nursery operations and swine finishing operations. Second, you ask whether an office anywhere in the world would satisfy the requirement that one of the owners be "actively engaged in the labor or management of the farming operation" imposed on family farm corporations.
Production contracts are authorized by K.S.A. 1997 Supp. 17-5904
(b) which states:
 "Production contracts entered into by a corporation, trust, limited liability company, limited partnership or corporate partnership and a person engaged in farming for production of agricultural products shall not be construed to mean the ownership, acquisition, obtainment or lease, either directly or indirectly, of any agricultural land in this state."
The statute refers to the provision in K.S.A. 1997 Supp. 17-5904 (a) which prohibits these corporate entities from directly or indirectly owning, acquiring or otherwise obtaining or leasing any agricultural land in this state. A production contract does not constitute ownership of land and allows a corporate entity, subject to the prohibition against the ownership of agricultural land, the ability to produce agricultural products in this state when contracting with a person engaged in farming for the production of an agricultural product.
Farming is defined in K.S.A. 1997 Supp. 17-5903(h) as "the cultivation of land for the production of agricultural crops, the raising of poultry, the production of eggs, the production of milk, the production of fruit or other horticultural crops, grazing or the production of livestock. Farming does not include the production of timber, forest products, nursery products or sod, and farming does not include a contract to provide spraying, harvesting or other farm services." Farming thus includes the production of livestock. We have addressed the question whether the feeding of swine constitutes the production of livestock in Attorney General Opinion No. 96-42. Applying the definition of a producer found in the Livestock Market Act [K.S.A. 1997 Supp. 47-1001], (because it deals with producing livestock which includes swine), we conclude that a landowner-contractor of a swine facility feeds livestock and thus is engaged in farming.
Both a swine nursery and a swine finishing facility involve the production of an agricultural product, as swine are included in the definition of livestock and livestock are agricultural products. The statute has no requirements about what agricultural product is produced, except to require that a person (with whom the corporation is contracting) be engaged in farming. A corporation cannot, however, contract to produce anything but an agricultural product within the restrictions imposed by the definition of farming. For example, a corporation cannot contract with a farmer to produce timber, forest products, nursery products or sod, nor to provide spraying, harvesting or other farm services because these endeavors are not within the definition of farming found at K.S.A. 1997 Supp. 17-5903(h).
In conclusion it is our opinion that both a swine nursery which produces piglets for sale and a swine finishing operation which involves a farrow to finish operation are appropriate subjects for a production contract between a corporate entity and a farmer.
Your second question involves the third requirement found in the statutory definition of "family farm," K.S.A. 1997 Supp. 17-5903 (j). In order to qualify as a family farm corporation, a corporate entity must satisfy three statutory requirements:
 "(1) Founded for the purpose of farming and the ownership of agricultural land in which the majority of the voting stock is held by and the majority of the stockholders are persons related to each other, all of whom have a common ancestor within the third degree of relationship, by blood or by adoption, or the spouses or the step children of any such persons, or person acting in a fiduciary capacity for persons so related;
 "(2) all of its stockholders are natural persons or persons acting in a fiduciary capacity for the benefit of natural persons; and
 "(3) at least one of the stockholders is a person residing on the farm or actively engaged in the labor or management of the farming operation. A stockholder who is an officer of any corporation referred to in this subsection and who is one of the related stockholders holding a majority of the voting stock shall be deemed to be actively engaged in the management of the farming corporation. If only one stockholder is meeting the requirement of this provision and such stockholder dies, the requirement of this provision does not apply for the period of time that the stockholder's estate is being administered in any district court in Kansas." (Emphasis added).
Your question is whether a person meeting the other requirements but having an office anywhere in the world satisfies the third requirement found in K.S.A. 1997 Supp. 17-5903 (j) (defining a family farm corporation) that at least one stockholder be a person residing on the farm or actively engaged in the management of the farming operation. In the interpretation of a statute, legislative intent governs if that intent can be ascertained from the language of the statute. Degolladov. Gallegos, 260 Kan. 169, 172 (1996) citing City of Wichita v. 200 SouthBroadway, 253 Kan. 434, 436 (1993).
K.S.A. 1997 Supp. 17-5903(j) defines a family farm corporation and establishes a presumption that the actively engaged requirement is met if a stockholder is:
 "[A]n officer of any corporation referred to in this subsection and who is one of the related stockholders holding a majority of the voting stock."
Thus if a corporation has a stockholder who meets these requirements, he is deemed to be actively engaged in the management of the farming corporation regardless of where the person has an office. The statutory requirement establishes a presumption that the person who meets these requirements is fulfilling the requirement that he or she be actively engaged in the management of the farming operation. The presumption has existed in the statute since its inception in 1981 (L. 1981, Ch. 106, § 1) and it has never been amended. This definition of family farm corporation is the only definition which contains a presumption that can be used to fulfill the actively engaged requirement. There is no similar presumption for any other entity in the Corporate Farming Act that has the actively engaged requirement in its definition. See K.S.A. 1997 Supp.17-5903, subsection (w) defining a family farm limited liability agricultural company; subsection (u) defining a limited liability agricultural company; subsection (k) defining an authorized farm corporation; and subsection (d) defining a limited agricultural partnership.
In conclusion it is our opinion that pursuant to current statutory definitions a family farm corporation may satisfy the third requirement found at K.S.A. 1997 Supp. 17-5903(j)(3), that a stockholder be actively engaged in the management of the farming operation, by use of the statutory presumption that a stockholder of the corporation fulfills the actively engaged requirement if he is an officer of a corporation, is one of the related stockholders, and holds a majority of the voting stock, regardless of where the person meeting the requirements has an office.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Guen Easley Assistant Attorney General
CJS:JLM:GE:jm