Teofilo **CRUZ JIMINEZ** et al., Plaintiffs,

v.

**MUEBLERIAS DELGADO, INC., Defendant.**

No. CIV. 99–1792JAG/ADC.

United States District Court, D. Puerto Rico.

March 23, 2002.

Luis Perez–Giusti, Esq., Mignucci & Perez–Giusti, San Juan, for plaintiff.

Godwin Aldarondo–Girald, Esq., San Juan, for defendant.

## OPINION AND ORDER

DELGADO–COLON, United States Magistrate Judge.

Now before the Court is defendant's motion to dismiss and plaintiffs' opposition (**Docket Nos. 42, 48**). Plaintiffs filed this cause pursuant to the Employment Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.* as a result of defendant's alleged violation of 29 U.S.C. § 1166 under the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA) (**Docket No. 1**). Plaintiffs also brings a supplemental claim for unjust dismissal of Teófilo Cruz–Jiminez ("Cruz") under Puerto Rico law, pursuant to Law 80, 29 L.P.R.A. § 185a. *Id.* Defendant moves for dismissal on the basis that it is not a qualified employer under COBRA and that Cruz is not a qualified individual under COBRA (**Docket No. 42**). The parties have consented to the exercise of jurisdiction by a Magistrate Judge (**Docket No. 54**).

## I. Procedural Background

Plaintiffs filed this complaint on July 14, 1999, alleging that Cruz, a former employee of the defendant, Mueblerías Delgado, Inc., ("Mueblerías Delgado") along with former spouse Glenda Lee Sánchez–García and his son Ernesto Emmanuel Cruz–Sánchez were participants in Mueblerías Delgado's group health plan (Docket No. 1). Cruz alleges he was terminated by Mueblerías Delgado on March 29, 1999. The complaint alleges that Mueblerías Delgado employed twenty (20) or more employees on a typical day preceding the calendar year of Cruz's termination. Plaintiffs allege that while Cruz was employed by Mueblerías Delgado, neither it nor the group health plan provided plaintiffs with notice of their rights under COBRA. Cruz also alleges that his termination was a qualifying event under COBRA and following his termination neither the defendant nor the group health plan administrator complied with the requisites of COBRA. Consequently, plaintiffs did not have an opportunity to continue in their group health plan and were forced to obtain health insurance at a higher rate than the one provided by the group health plan offered by Mueblerías Delgado. Cruz also alleges that his termination was unjustified.

Mueblerías Delgado answered the complaint and asserted special and affirmative defenses **(Docket No. 9).** In the answer Mueblerías Delgado admitted the allegations contained in paragraph 3.4 of the complaint. *Id.* at para. 2. Paragraph 3.4 contains the allegations that "The employer has employed twenty (2) or more employees on a typical day during the preceding calendar year of Mr. Cruz' termination" **(Docket No. 1,** para. 3.4). Mueblerías Delgado filed a motion for summary judgment on November 23, 1999, claiming that the court has no subject matter jurisdiction as Cruz's termination was a result of gross misconduct **(Docket No. 14).** Said motion was denied by the Court on May 2, 2000 **(Docket No. 34).**

Thereafter, Mueblerías Delgado sought and was given leave to file a motion to dismiss **(Docket No. 40).** Mueblerías Delgado filed its motion to dismiss on July 20, 2000, seeking dismissal on the basis that it is not a covered employer under COBRA and that Cruz is not a qualified individual **(Docket No. 42).** The plaintiffs opposed the motion **(Docket No. 48).**

## II.   Analysis

### A.   Standard

Mueblerías Delgado does not state under which theory it moves to dismiss, but after reading the motion it appears to move for dismissal pursuant to Fed. R.Civ.P. 12(b)(1) on the basis of lack of jurisdiction over the subject matter. In assessing a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the Court "reads the allegations of the complaint liberally, treating all well-pleaded facts as true and taking all inferences in favor of the plaintiff." *Murphy v. United States,* 45 F.3d 520, 522 (1st Cir.1995); *Negrón–Gaztambide v. Hernández–Torres,* 35 F.3d 25, 27 (1st Cir. 1994); *see also Aversa v. United States,* 99 F.3d 1200, 1209–10 (1st Cir.1996). In addition, the court may consider whatever evidence has been submitted, such as the depositions and exhibits submitted in this case. *Cf. Nasuti v. Scannell,* 906 F.2d 802, 808 (1st Cir.1990) (trial court may hold an evidentiary hearing to resolve immunity-related factual disputes). Further, the Court is "mindful that the party invoking the jurisdiction of a federal court carries the burden of proving its existence." *Taber Partners, I v. Merit Builders, Inc.,* 987 F.2d 57, 60 (1st Cir.1993).

### B.   COBRA

COBRA mandates that employers give former employees the opportunity to continue coverage under the employer's group health plan if a qualifying event occurs. 29 U.S.C. § 1161. Where continuing coverage is provided by the employer, the former employee usually bears the expense, not to exceed 102% of the employer's cost. 29 U.S.C. § 1162(3). The plan administrator must provide notice of COBRA rights to covered employees and their spouses on two separate occasions: (1) at the time of commencement of coverage under the plan, and (2) when a qualifying event occurs. 29 U.S.C. § 1166(a)(1), 1166(a)(4).

Termination of employment, other than by reason of the employee's gross misconduct, is a qualifying event and requires that the employer notify the administrator of the group health plan within thirty (30) days of the termination. 29 U.S.C. § 1163(2), 1166(a)(1). The plan administrator must then notify the discharged employee and other qualified beneficiaries of their COBRA rights within fourteen (14) days thereafter, and allow them at least sixty (60) days to decide whether to elect to continue their group health plan coverage. 29 U.S.C. § 1165(1), 1166(a)(4), 1166(c), 1167(3)(B). Discharged employ-

ees may elect to continue coverage for up to eighteen (18) months following their termination. 29 U.S.C. § 1162(2)(A)(i). Section 502(a)(1)(B) of ERISA empowers participants and beneficiaries to bring a civil action for the recovery of benefits, the enforcement of rights under the terms of the plan, or the clarification of rights to future benefits under the terms of an employee benefit plan. 29 U.S.C. § 1132(a)(1)(B).

## C. Covered Employer under COBRA

■ The small employer exemption states that COBRA "shall not apply to any group health plan for any calendar year if all employers maintaining such plan normally employed fewer than 20 employees on a typical business day during the preceding calendar year." 29 U.S.C. § 1161(b). If the small employer exemption were to apply to Mueblerías Delgado, it would not be required to provide Plaintiffs with notice or continuing coverage under the plan. Mueblerías Delgado argues that it is eligible for the small employer exemption because it runs two furniture stores with a labor force of 27 persons divided between the two stores. Its position is that because seven of those persons are relatives of the owners (five children and two nephews) and two of the persons are owners, said nine individuals should not be counted as employees. Mueblerías Delgado reasons and proffers that the nine individuals should not be treated as employees since they are treated as owners as having special access to the decision makers (i.e., parents or uncle) and disciplinary rules are not applied to them. Mueblerías Delgado also contends that at the time plaintiff was terminated it also had within its work-force a part-time employee who worked only two hours per day. Mueblerías Delgado argues this part-time employee cannot be considered an employee under COBRA. More, Mueblerías Delga-do contends that it is excepted from CO-BRA requirements because it maintains a health insurance plan for only ten persons and of those, only six are regular employees. In other words, Mueblerías Delgado asserts that COBRA's notice requirement and benefits are inapplicable as there are only eighteen (18) covered employees and more so, because of these, only six covered employees were also covered in its medical health plan, not twenty or more employees.

Plaintiffs respond that the fact that some of the employees of Mueblerías Delgado are sons, daughters or nephews of the owners does not mean that they should not be considered employees. More, they argue that Mueblerías Delgado does not offer any case law to support its position. Additionally, plaintiffs argue that under the COBRA statute it is not a requisite that all of the 20 employees sponsor a group health plan, but the only requisite is that the employer has at least 20 persons employed. Finally, plaintiffs point out that Mueblerías Delgado admitted the allegations in the complaint that it employed 20 or more employees on a typical day during the preceding calendar year of Cruz's termination.

The undersigned first turns to the issue of number of persons employed by Mueblerías Delgado. In *Martínez v. Dodge Printing Centers, Inc.*, 123 B.R. 77 (Bankr. D.Colo.1991), the Court noted that there is "little guidance from Congress, the administrative agencies or the courts on precisely how to determine whether a business 'normally employed fewer than 20 employees on a typical business day' in order to qualify for the small employer exception." *Id.* at 79. Accordingly, the only source to which the *Martínez* Court was able to look for guidance in interpreting the statutory provision at issue was the proposed regulations issued by the U.S. Treasury Depart-

ment in 1987. *Martínez*, 123 B.R. at 80; *see also Kidder v. H & B Marine, Inc.*, 932 F.2d 347, 353–55 & n. 7 (5th Cir.1991) (applying 1987 proposed Treasury Department regulations in determining eligibility for small employer exemption). Those regulations provided that "[a]n employer is considered as having normally employed fewer than 20 employees during a particular calendar year if, and only if, it had fewer than 20 employees on at least 50 percent of its working days that year." 52 Fed.Reg. 22716, 22721 (1987) (to be codified at 26 C.F.R. pt. 1) (proposed June 15, 1987) *See also Johnson v. Reserve Life Ins. Co.*, 765 F.Supp. 1478, 1480–82 (C.D.Cal.1991). Subsequent to *Martínez*, on February 3, 1999, the Treasury Department issued final regulations to govern group health plans with respect to qualifying events occurring in plan years beginning on or after January 1, 2000. *See* 26 C.F.R. § 54.4980B–1 (1999). Cruz was terminated on March 29, 1999, thus the final regulations which became effective January 1, 2000, are inapplicable to the case at hand. Therefore, the Court will apply the 1987 proposed regulations and applicable case law in determining whether Mueblerías Delgado is eligible for the small employer exemption.

Mueblerías Delgado's argument that a part-time employee who works only two hours per day cannot be considered an employee is directly contraindicated by case law found in this district. In *Morales–Cotte v. Cooperativa de Ahorro y Crédito Yabucoeña*, 73 F.Supp.2d 153, 157–58 (D.P.R.1999), this district relied upon the 1987 proposed regulations in holding that part-time employees are treated as full-time employees for the purposes of determining eligibility for the small employer exemption.[1] Noteworthy is that in *Cotte*, despite the fact the part-time employees worked just eight hours per week in order to obtain school credit, the Court determined that they were employees as limed by the COBRA statutes. In the case at bar Mueblerías Delgado does not advise the Court how many days its part-time employee worked. It only informed that the employee worked "two hours per day." Regardless, clearly the employee is to be treated and counted as an employee.

Mueblerías Delgado's next contention is that the children and nephews of the owners are not considered employees under COBRA. Worthy of remark is that Mueblerías Delgado does not contend that the sons, daughters and nephews are owners, but only that they are "treated" as owners. The two owners are listed as Héctor Delgado–Lasanta and Ramón Delgado. Apparently, Mueblerías Delgado derives its position from 29 L.P.R.A. § 63(3) of the Puerto Rico Labor Relations Law which defines an employee as "any individual whose work has ceased as a consequence of or in connection with any labor dispute, or because of any unfair labor practice, but shall not include any person . . . employed by his parents or spouse." The Organic Act of the Department of Labor and Human Resources of Puerto Rico defines an employee as "any person at the service of any individual, partnership or corporation employing one or more persons under any contract for services, whether express or implied or verbal or written, and whether such person is man, woman or child . . . ." 3 L.P.R.A. § 328.

█ This action, however, is brought pursuant to ERISA as a result of Mueblerías Delgado's alleged violation of 29 U.S.C. § 1166 under COBRA. The Employee Retirement Income Security Act

---

1. The 1987 proposed regulations provide that "In determining the number of its employees, an employer shall treat as employees all full-time and part time employees..." 52 Fed. Reg. at 2271 Q & A 9(c).

defines an employee as "any individual employed by an employer." 29 U.S.C. § 1002(6). The United States Supreme Court has adopted the common law agency test for determining whether an individual is an employee for purposes of ERISA. *Nationwide Mut. Ins. Co. v. Darden,* 503 U.S. 318, 323, 112 S.Ct. 1344, 117 L.Ed.2d 581 (1992); *accord Speen v. Crown Clothing Corp.,* 102 F.3d 625, 631 (1st Cir.1996). The test considers the hiring party's right to control the manner and means by which the product is accomplished. *Herr v. Heiman,* 75 F.3d 1509, 1512–13 (10th Cir. 1996). The factors relevant to this inquiry are: (1) the skill required; (2) the source of the instrumentalities and tools; (3) the location of the work; (4) the duration of the relationship between the parties; (5) whether the hiring party has the right to assign additional projects to the hired party; (6) the extent of the hired party's discretion over when and how long to work; (7) the method of payment; (8) the hired party's role in hiring and paying assistants; (9) whether the work is part of the regular business of the hiring party; (10) whether the hiring party is in business; (11) the provision of employee benefits; and (12) the tax treatment of the hired party. *Darden,* 503 U.S. at 323–24, 112 S.Ct. 1344. Under this test no single factor is decisive; the overall relationship between the parties must be assessed and weighed. *Herr,* 75 F.3d at 1513 (*citing NLRB v. United Ins. Co. of Am.,* 390 U.S. 254, 258, 88 S.Ct. 988, 19 L.Ed.2d 1083 (1968)).

Notably, there is nothing to indicate that the United States Supreme Court considers a parental or familial relationship when determining whether an individual is an employee pursuant to ERISA. Reliance on Puerto Rico law also does not fully support Mueblerías Delgado's position as "persons employed by their parents" are exempted as an employee, but there is no mention that a nephew is also exempted[2]. Consequently, while Mueblerías Delgado's position has some support under Puerto Rico law, it fails in the face of federal case law. The Court also takes into consideration the fact that Mueblerías Delgado admitted the allegations that it "has employed twenty (20) or more employees on a typical day during the preceding calendar year of Mr. Cruz' termination".

Mueblerías Delgado also asserts that because it has only ten persons covered under its group health plan, six of which it considers employees under COBRA, it falls within the ambit of the small employer exception. The statute at issue states that the COBRA requirements "shall not apply to any group health plan for any calendar year if all employers maintaining such plan normally employed fewer than 20 employees on a typical business day during the preceding calendar year." 29 U.S.C. § 1161. The term "group health plan" is described in COBRA as meaning "an employee welfare benefit plan providing medical care (as defined in section 213(d) of Title 26) to participants or beneficiaries directly or through insurance, reimbursement, or otherwise." 29 U.S.C. § 1167(1). ERISA defines an "employee welfare benefit plan" as "any plan, fund, or program . . . established or maintained by an employer . . . to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of

---

**2.** Accepting Mueblerías Delgado's theory and using Puerto Rico law, there are 27 employees and excluding the two owners and five sons and daughters 20 employees remain, since the two nephews cannot be excluded.

sickness, accident, disability, death or unemployment." 29 U.S.C. § 1002(1).

As evidenced by the foregoing, the statutes do not speak to the number of employees who participate in a group health plan. Indeed, "20 employees" is found only at § 1161 with regard to the number of persons employed on a typical business day during the preceding calendar year. The Court found Mueblerías Delgado's theory quite interesting and conducted an exhaustive search hoping to find a case discussing the issue. Regrettably, the search failed to turn up a single case to support Mueblerías Delgado's position that the small employer exception applies when fewer than 20 employees are covered by a group health plan for any calendar year.

Based upon the foregoing analysis, Mueblerías Delgado has failed to establish its eligibility for the small employee exemption under COBRA.

### D. Qualified Individual

Mueblerías Delgado previously moved for summary judgment on the issue of whether Cruz is a qualified individual pursuant to COBRA. The initial motion for summary judgment, which was filed before the parties consented to the jurisdiction of a United States Magistrate–Judge, contained the same arguments which are presented herewith. The Court denied the first motion for summary judgment on said issue and a review of the Court file does not evidence any reason for upsetting said ruling and denial of defendant's motion. Suffice it to say, there remain genuine issues of material fact regarding this issue such that summary judgment is not proper. Accordingly, the Court **DENIES** Mueblerías Delgado's motion to dismiss on the issue of whether Cruz is a qualified individual pursuant to COBRA.

### III. Conclusion

Based on the foregoing analysis defendant Mueblerías Delgado's Motion to Dismiss is **DENIED (Docket No. 42)**.

**SO ORDERED.**