Luis W. **CURBELO–ROSARIO,** et al.   Plaintiffs,

v.

**INSTITUTO DE BANCA Y COMERCIO, INC., et al.   Defendants.**

No.  CIV. 02–1320(SEC).

United States District Court, D. Puerto Rico.

Feb. 26, 2003.

José E. Alfaro Delgado, San Juan, PR, for Plaintiff.

Reynaldo A. Quintana–Latorre, Hato Rey, PR, for Defendant.

## OPINION AND ORDER

CASTELLANOS, United States Magistrate Judge.

On January 2, 2003, defendants Instituto de Banca y Comercio, Inc., et al., (hereinafter "Instituto") moved for partial summary judgment to dismiss the complaint on the first and third counts (failure to give written notice of their continuation of coverage rights and failure to respond to letter requesting continuation of coverage under company's medical plan, respectively (D.E. No. 22)). Plaintiffs Luis Curbelo–Rosario, et al. (hereinafter "Curbelo") moved for summary judgment on the issue of liability and opposed defendant Instituto's motion for partial summary judgment. (D.E. No. 24). Consideration was also afforded to defendant's opposition to Plaintiffs' Cross–Motion Requesting Summary Judgment (D.E. No. 32).

## I. BACKGROUND

On November 18, 1999, Curbelo was employed by defendant Instituto as a Computer Training Coordinator. Curbelo was assigned to work in that capacity with PROCEDEN, Inc., an affiliate or subsidiary of Instituto, or a corporation otherwise owned, managed, and controlled by Instituto. On March 2, 2000, the defen-

dant Elizabeth Morales (hereinafter "Morales"), acting in her capacity as Director of Human Resources of defendant Instituto, wrote a letter to Curbelo advising that he had completed the probationary period as of February 14, 2000, and welcoming him to the family of the Instituto. Therefore, plaintiff became eligible and a participant of the medical plan sponsored by Instituto. On the same date, plaintiff Clara Martínez Colón (hereinafter "Martínez"), as spouse, and the minors Stephanie Judith, Waldemar, and Jonathan Curbelo Martínez as dependent children, became qualified beneficiaries of said medical plan.

On May 31, 2000, Instituto terminated the employment of Curbelo. Upon termination of Curbelo's employment with Instituto, plaintiffs allege that none of them were given written notice of their continuation of coverage rights under the Consolidated Omnibus Budget Reconciliation Act of 1985, P.L. 99–272, 100 Stat. 82, 222 (1986) (COBRA[1]), and specifically their right to elect continuation of coverage within a period of sixty (60) days from such termination. Plaintiffs also allege that upon commencement of coverage under such medical plan, they were not given written notice of their continuation of coverage rights under COBRA.

On September 22, 2000, Curbelo sent a letter to Morales, stating his employment with Instituto had been terminated on May 31, 2000. He stated that he had not been able to obtain a permanent employment and that he and his family were without medical insurance coverage. Curbelo requested to be allowed to enroll in Instituto's medical plan until he could find another alternative to safeguard his family in case of need of medical coverage. Instituto never responded to Curbelo's letter. Curbelo then attempted to contact Morales by phone to obtain a response but was

---

1. 29 U.S.C. §§ 1166 *et seq.*

unable to do so. After termination of his employment with Instituto, Curbelo and his family were left without health insurance coverage until June 2001, when they became participants and beneficiaries of the group health plan of a local government entity that employed Curbelo on March 3, 2001.

Curbelo and his family did not suffer any serious illness or condition that would have required them to incur in significant medical expenses between May 31, 2000, when they lost coverage under the medical plan administered by Instituto and June 2001, when they became eligible to receive benefits under the plan afforded by Curbelo by his present employer.

## II. THE SUMMARY JUDGMENT

The summary record in this case is composed of the pleadings, deposition testimonies, and documents. The parties concede the documents are what they purport to be, for which reason they may be considered by the court. *Cerqueira v. Cerqueira*, 828 F.2d 863, 865 (1st Cir.1987) (citing *Celotex v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). Both parties filed their own statement of material facts. *See* Local Rule 311.12. From these documents, the material facts are as follow:

1. On or about November 18, 1999, plaintiff Curbelo was employed by defendant Instituto as a Computer Training Coordinator.

2. Defendant Instituto thereafter assigned plaintiff Curbelo to work in that capacity with PROCEDEN, Inc., an affiliate or subsidiary of Instituto, or a corporation otherwise owned, managed, and controlled by defendant Instituto.

3. Defendant Instituto sponsored and maintained for the benefit of its employees, including the employees of PROCEDEN, Inc., a group health plan with Triple S, a company authorized to, and engaged in the business of providing health insurance coverage (hereinafter "medical plan").

4. On March 2, 2000, defendant Morales, acting in her capacity as Director of Human Resources of defendant Instituto, wrote a letter to plaintiff Curbelo advising that he had completed the probation period of February 14, 2000, and giving him the "warmest welcome to this, OUR GREAT FAMILY OF INSTITUTO DE BANCA".

5. As of February 14, 2000, plaintiff Curbelo therefore became eligible to, and a participant, of the medical plan sponsored by defendant Instituto. On the same date, plaintiff Martínez, as spouse, and the minors, Stephanie Judith, Waldemar, and Jonathan Curbelo Martínez as dependent children, became qualified beneficiaries of said medical plan.

6. On or about May 31, 2000, defendant Instituto terminated the employment of plaintiff Curbelo.

7. On September 22, 2000, plaintiff Curbelo sent a letter to defendant Morales, via certified mail, stating that his employment with defendant Instituto terminated on May 31, 2000, that thereafter he had not been able to obtain permanent employment and that he and his family were without medical insurance coverage. Plaintiff Curbelo specifically requested to be allowed to enroll in defendant's medical plan by paying the corresponding premiums, until such time he could find another alternative to safeguard his family in case of need of medical coverage. Instituto never answered said letter.

8. Defendants Instituto and Morales received plaintiff Curbelo's letter of September 22, 2000, as verified by returned receipt of the U.S. Postal Service, submitted by plaintiffs.

9. After the termination of his employment with defendant Instituto, plaintiff

Curbelo and his family were without health insurance coverage until June 2001, when they became participants and beneficiaries of the group health of a local government entity that employed plaintiff Curbelo on March 3, 2001.

10. Plaintiff Curbelo and his family did not suffer any serious illness or conditions that would have required them to incur significant medical expenses between May 31, 2000, when they lost coverage under the medical plan administered by defendants and June 2001, when they became eligible to receive benefits under the plan afforded to plaintiff Curbelo by his present employer.

## III. STANDARD OF REVIEW

Summary judgment is proper only to the extent that "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

Although the accepted summary judgment protocol resolves "all factual disputes and competing, rational inferences in the light most favorable to the non-moving party's position" *Wightman v. Springfield Terminal Ry., Co.*, 100 F.3d 228, 230 (1st Cir.1996), consistent with record support, the court may deviate from that protocol "to the extent that we set off, as point and counterpoint, conflicting evidence where the clash helps to illuminate pertinent legal issues." *Cortés–Irizarry v. Corporación Insular*, 111 F.3d 184, 185 (1st Cir. 1997).

"Cross-motions for summary judgment do not alter the basic Rule 56 standard, but rather simply require us to determine whether either of the parties deserves judgment as a matter of law on facts that are not disputed." *Adria Intern. Group v. Ferré Development*, 241 F.3d 103, 107 (1st Cir.2001). "When deciding cross-motions for summary judgment, the court must consider each motion separately, drawing inferences against each movant in turn." *Reich v. John Alden Life Ins. Co.*, 126 F.3d 1, 6 (1st Cir.1997). A party's response to the other party's statement of material facts in support of a motion for partial summary judgment is sufficient to also serve as statement of material facts in support of its cross-motion for summary judgment. *O'Shea v. Childtime Childcare, Inc.*, 2002 WL 31738936 (N.D.N.Y.2002).

## IV. DISCUSSION

In its motion for partial summary judgment, Instituto claims that there is a genuine controversy as to the facts if plaintiff Curbelo received that initial notice of rights and the notice of rights of continuation after termination of employment. Although there is still a controversy over those facts, defendant Instituto claims that partial summary judgment can be granted because these factual controversies are irrelevant.

Plaintiff Curbelo's whole claim is based on COBRA, and how defendant Instituto failed to comply with it. Whether he received the initial notice of rights and the notice of rights of continuation of coverage is a genuine issue of material facts, thus, not considered irrelevant.

"The critical question on a motion for summary judgment is whether a genuine issue of material fact exists. A genuine issue exists if there is sufficient evidence supporting the claimed factual dispute to require a choice between the parties' differing versions of the truth at trial. A fact is material if it might affect the outcome of the suit under the governing law." *Torres–Negrón v. Ramallo Brothers Printing, Inc.*, 203 F.Supp.2d 120 (D.P.R.2002).

COBRA requires employers to provide employees with two notices relative to their rights under the Act:

1. At the commencement of the employee's coverage under the plan, and

2. When a "qualifying event" occurs, such as termination of employment. See 29 U.S.C. § 1166(a)(1), (a)(2). See *Gaskell v. Harvard Cooperative Society*, 3 F.3d 495 (1st Cir.1993). See also *Cruz Jiménez v. Mueblerías Delgado*, 196 F.Supp.2d 125 (D.P.R.2002).

In the present situation, the controversy as to failure to provide plaintiff Curbelo with both notices are the basis of this claim. "Providing appropriate notice is a key requirement under COBRA." *Lincoln Gen. Hosp. v. Blue Cross/Blue Shield of Nebraska*, 963 F.2d 1136, 1139 (8th Cir. 1992).

The position by defendant Instituto does not satisfy the requirement of a summary judgment because the issue on whether the notices were given is still in controversy. It might still "affect the outcome of the suit under the governing law". *Torres–Negrón v. Ramallo Brothers Printing, Inc., supra*.

On the other hand, plaintiff Curbelo's cross-motion for summary judgment rises the same problem. If it is so that the notices were not given, then the defendant Instituto would be in violation of COBRA, but because it is not proven that this was the case, as mentioned before, it makes this material fact a genuine issue in controversy, not allowing the summary judgment requested by plaintiff.

"Only if the record, viewed in the manner and without regard to credibility determinations, reveals no genuine issues as to any material fact may the court enter summary judgment." *United States v. $7,659.00 in U.S. Currency*, 217 F.Supp. 2nd 200 (D.P.R.2002).

"The summary judgment machinery operates in two phases. First, the movant must make a preliminary showing that there is no genuine issue of material fact which requires resolution in the crucible of trial. Once this showing has been made, the burden shifts to the nonmovant to demonstrate, through specific facts, that at a trial-worthy issues remains." *United States v. $7,659.00 in U.S. Currency, supra*. Defendant Instituto did not make such preliminary showing.

"To determine whether the criteria for summary judgment have been met, a court must pierce the boilerplate of the pleadings and carefully review the parties' submissions to ascertain whether they reveal a trial worthy issue as to any material fact. A fact is material if it potentially could affect the suit's outcome. An issue concerning such a fact is genuine if a reasonable fact finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." *United States v. $7,659.00 in U.S. Currency, supra*.

An employer must provide notice of the right to elect [coverage] within fourteen (14) days after termination. 29 U.S.C. § 1166(a)(4)(A), (c). The employee then has sixty (60) days to elect to continue participating in the health care plan. 29 U.S.C. § 1165(1). Defendants, in their initial motion, did not address the issue of the failure to notify plaintiff of the notice required by COBRA. A different proposition is submitted in the opposition to plaintiffs' cross-motion for summary judgment which is discussed below.

■ When no notice is given, a court has discretion to award up to $100 per day from the time of failure to provide timely notice. When plaintiff has received no damages, an award of statutory damages is not fully warranted, but defendants'

prejudice and bad faith in failure to comply with COBRA requisites may still be factors to consider when determining damages and the purposes of deterrence for non compliance with noticing requirements. *Freeman v. Continental Ins. Co.,* 996 F.2d 1116 (11th Cir.1993).

When no identifiable damages were suffered and no medical expenses incurred during the failed continuation period of coverage, the court did not abuse its discretion in declining to award statutory penalty for employer's failure to give separate notice of the right to elect coverage to each spouse. *Chestnut v. Montgomery,* 307 F.3d 698 (8th Cir.2002).

■ Although the notice requirement imposes on the plan administration the obligation to give notice to a spouse or beneficiary under the employee's plan, a district court may assess a penalty separately only as to a single participant not as to all beneficiaries under the participants' plan. 29 U.S.C. § 1132(c)(1). *Wright v. Hanna Steel Corporation,* 270 F.3d 1336 (11th Cir.2001). See R. Donaldson, *Ann. Construction and Application of Erisa Provision Governing Continuation Coverage Under Group Health Plans (29 U.S.C.A. §§ 1161 et seq.),* 126 ALR Fed. 97 (1995).

■ Plaintiff has claimed he was not given notice of his COBRA rights upon commencement of his eligibility to benefit from the employee's health plan. Defendant states in its opposition to cross-motion that it distributes booklets with the benefits guide. Defendant had indicated in the Pretrial Order, but not under any sworn statement or under penalty of law, that the Human Resources Director's Assistance provided oral notices to plaintiff as to the continuation of the health plan.

**2.** The untranslated deposition pages in the Spanish language are to be certified by a translator and made part of the record, as

The deposition testimony of Mrs. Morales, attached in the opposition, shows no personal knowledge of specific compliance with oral notice, that no copy of letter or written notice was available and that only hearsay testimony on this matter of notice was then available.[2]

The parties' submissions do reveal a trial worthy issue. This genuine issue of a material fact of whether initial and continuation notices were given potentially could affect the suit outcome and thereafter, a determination of damages would become necessary.

## V. CONCLUSION

In light of the above discussion, this Magistrate Judge finds that defendant's motion for partial summary judgment is hereby denied. Likewise, plaintiffs' cross-motion for summary judgment is also denied.

IT IS SO ORDERED.

well as all exhibits and letters attached to the motion and cross-motion for summary judgment.